UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DERRICK BURROUGHS,

                        Plaintiff,

                        -v-

FEDERAL EXPRESS CORP. and
JOHN DOES 1–10,

                        Defendants.

18 Civ. 8641 (PAE)

<u>OPINION & ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

    Plaintiff Derrick Burroughs, appearing *pro se*, brings this action against Federal Express Corporation ("FedEx") and John Does 1-10 (together, "Defendants") for wrongful termination of employment. His Amended Complaint alleges violations of federal and state law, including (i) denial of due process, in violation of the Fifth and Fourteenth Amendments of the United States Constitution; (ii) loss of consortium; (iii) negligent hiring, training, retention, and supervision; and (iv) breach of implied covenant of good faith and fair dealing. Dkt. 5 ("AC") ¶¶ 15–19.

    On June 7, 2019, FedEx moved to dismiss the AC pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3). Dkt. 13. On June 10, 2019, the Court referred the motion to the Hon. Sarah J. Netburn, United States Magistrate Judge, for a Report and Recommendation. Dkt. 16.

    Before the Court is Judge Netburn's January 7, 2020 Report and Recommendation, Dkt. 23 ("Report"), as well as Burroughs's objections, Dkt. 24 ("Objections"). The Report carefully analyzes, and recommends dismissing, each of the AC's claims—as well as statutory employment claims that the AC did not bring, but that Judge Netburn considered anyway in light of Burroughs's status as a *pro se* litigant. The Report recommends that the Court grant FedEx's

motion to dismiss the AC as to all defendants, without leave to amend. In his Objections, Burroughs primarily challenges Judge Netburn's conclusions as to the statutory employment claims.

For the following reasons, the Court adopts the Report in its entirety.

**I.     Background**

The Court adopts the Report's detailed account of the facts and procedural history, to which no party objects. The following summary captures the limited facts necessary for an assessment of the issues presented.[1]

Burroughs worked for FedEx between April 7, 2016, and September 28, 2017, when he was terminated for the loss or misplacement of a "high value shipment." AC ¶¶ 5, 10. According to Burroughs, the lost or misplaced package that prompted his suspension and discharge was last accounted for on August 24, 2017, at a FedEx facility in Newark, New Jersey, approximately nine minutes after he began his courier shift at a FedEx facility in Manhattan. *Id.* ¶ 10. This, according to Burroughs, shows that he could not have been present in New Jersey to perform the scan. *Id.* That day, Burroughs asserts, he handled and delivered approximately 4,000 packages, and the missing package was not among them. *Id.* ¶ 12. He also asserts that when he arrived at the Newark FedEx facility later that same day, the package had still not been located and another employee had pre-loaded his mail truck. *Id.* ¶ 13.

Burroughs asserts that, as a consequence of the missing package, he was wrongfully discharged, without due process and in violation of FedEx's corporate policy regarding internal investigative procedures.

---

[1] The Court's account of Burroughs's factual allegations is drawn primarily from the AC. Dkt. 5. For the purpose of resolving the motion to dismiss under Rule 12(b)(6), the Court presumes all well-pled facts to be true and draws all reasonable inferences in favor of plaintiff. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

## II. Applicable Legal Standards

### A. Report and Recommendation

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. UPS*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006).

To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Further, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (citation omitted).

**III.    Discussion**

Judge Netburn recommends granting FedEx's motion to dismiss for failure to state a claim, without leave to amend.[2]  *See* Report at 1.  Burroughs objects to the Report's employment discrimination analysis, and he seeks to invoke his Seventh Amendment right to trial by jury. *See* Objections at 1.

As to the balance of the Report, to which Burroughs has raised no objection, the Court has carefully reviewed Judge Netburn's thorough and thoughtful analysis and finds no clear error.  *See King*, 2009 WL 2001439, at *4.

**A.    Statutory Employment Discrimination Claims**

Burroughs objects to the Report's conclusion that he failed to state a claim for employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, or the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112–12117.  He also raises, for the first time in his Objections, the possibility that FedEx engaged in employment discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634.

Although the AC made no reference to any of these statutes, Judge Netburn considered, in light of Burroughs's status as a *pro se* litigant, whether either Title VII or the ADA might apply to Burroughs's case, given that his claims arose out of his employment relationship with FedEx.  After careful analysis, she concluded that the Burroughs could not state a claim under either statute.  Because the Objections to the Report are conclusory and repetitive of the arguments reviewed by Judge Netburn, review for clear error is appropriate.  *See Dickerson*,

---

[2] As reviewed in the Report, Burroughs previously received notice of the deficiencies in his pleadings and was granted leave to amend, so as to cure them.  The fact that AC still failed to state a claim led Judge Netburn to conclude that "further leave to amend would be futile." Report at 10 (citing *Hill v. Curcione*, 657 F.3d 116, 123–124 (2d Cir. 2011).

4

2013 WL 3199094, at *1. The Court has carefully reviewed the Report's analysis of this issue and can find no such error. *Id.*

In any event, Burroughs's Title VII, ADA, and ADEA claims fail under any standard of review.

Under Title VII, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, . . . [or] sex." 42 U.S.C. § 2000e-2(a)(1). The ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1). And, the ADA similarly prohibits discrimination against any "qualified individual with a disability because of the disability of such individual in regard to," *inter alia,* "discharge of employees." *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001) (quoting 42 U.S.C. § 12112(a)).

Claims under each statute are governed by the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) (Title VII); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (ADEA); *Wagner v. Inter-Con Sec. Sys., Inc.*, 278 F. Supp. 3d 728, 734 (S.D.N.Y. 2017) (ADA). Under this framework, a plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. *Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008). To do so under Title VII or the ADEA, the plaintiff "must show: (1) he belonged to a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Brown v. City of Syracuse*, 673 F.3d 141,

5

150 (2d Cir. 2012) (quoting *Holcomb*, 521 F.3d at 138); *Gorzynski*, 596 F.3d at 106–07. To make a *prima facie* case under the ADA, the plaintiff "must establish that (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) he suffered an adverse employment action because of his disability." *Wagner*, 278 F. Supp. 3d at 734 (internal quotation marks and citation omitted).

Burroughs does not plead sufficient facts to make out a *prima facie* case of discrimination under any of these statutes.

As to a potential Title VII or ADEA claim, the AC does not allege facts that would create even a minimal inference of discriminatory intent. For the first time, in his Objections, Burroughs conclusorily states that FedEx fired him because he was a man or in a protected age group. *See* Objections at 1. Putting aside the procedural infirmity of raising this allegation for the first time in his Objections, *see Dickerson*, 2013 WL 3199094, at *1, Burroughs's allegation is precisely the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" that cannot defeat a motion to dismiss. *Leon v. Rockland Psychiatric Ctr.*, 232 F. Supp. 3d 420, 427 (S.D.N.Y. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The complete absence of any facts—such as discriminatory comments about men or employees of a certain age made by a supervisor or a pattern of discriminatory employment action taken by FedEx against male employees—that would allow for an inference of discrimination is fatal to any Title VII or ADEA claim. Moreover, the AC and Objections are silent as to Burroughs's age, preventing him from establishing that he is a member of a protected age group.

Any ADA claim would be similarly unavailing. The AC and Objections are entirely devoid of any facts supporting any element of a *prima facie* case of disability discrimination—

*i.e.*, FedEx's status as a covered employer, Burroughs's disability within the meaning of the ADA, his qualifications to perform the job with or without reasonable accommodation, or that he suffered adverse employment action because of his disability.

Burroughs's allegations essentially boil down to a claim that he was wrongly accused of stealing from his employer and terminated as a result; these allegations do not state a claim, under Title VII, the ADEA, or the ADA.

### B. Seventh Amendment Right to Trial by Jury

Burroughs also argues that dismissal of his claims at this stage would violate his Seventh Amendment right to a jury trial. This argument, too, is easily put to one side. The Seventh Amendment guarantees the right to trial by jury in civil cases. However, "the right to a jury trial is not merely a matter of submitting a complaint to a court one day and then empaneling a jury the next." *See Huelbig v. Aurora Loan Servs., LLC*, No. 10 Civ. 6215 (RJH) (THK), 2011 WL 4348275, at *1 (S.D.N.Y. Sept. 16, 2011).[3] "If the plaintiff's case lacks merit as a matter of law even if he manages to prove all of the facts he says he will in his complaint, the judge may find for the defendant without submitting the case to the jury." *Id.* (citing *Slocum v. N.Y. Life Ins. Co.*, 228 U.S. 364, 369 (1913)). Such is the case here. Construing all facts in the Complaint and Objections to be true, the Court finds that all of Burroughs's claims fail as a matter of law. His demand for a jury trial under the Seventh Amendment is accordingly denied.

---

[3] Like Burroughs, the objecting litigant in *Huelbig*, "seeme[d] to object not to the content of the Report, but rather to its very procedural existence . . . argu[ing] that because the Seventh Amendment affords him a right to a jury trial in all suits at common law where the amount in controversy exceeds twenty dollars, his case can be resolved only through the mechanism of a jury trial and cannot be resolved through a mechanism such as a motion to dismiss." *Huelbig*, 2011 WL 4348275, at *1.

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Netburn's Report in full. Burroughs's claims are dismissed, with prejudice. The Court declines to issue a certificate of appealability and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is respectfully directed to terminate the motion pending at docket 12 and to close this case. Copies mailed by Chambers.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: March 31, 2020
       New York, New York